# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANSLEY R. NILES,<br><br>**Plaintiff,**<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and INNOVIS DATA SOLUTIONS, INC.,<br><br>**Defendants.** | CIVIL ACTION NO. |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages brought by Plaintiff ANSLEY R. NILES ("Plaintiff"), individual consumer, against TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC, and INNOVIS DATA SOLUTIONS, INC. pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq., as amended.* (hereinafter "FCRA").

19

## SUBJECT MATTER JURISDICTION

1. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p.

2. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of Georgia and are consumers as defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Defendant TRANS UNION LLC ("TRANS UNION LLC") is a Illinois corporation authorized to do business throughout the country and in the State of Georgia. TRANS UNION LLC is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

5. TRANS UNION LLC may be served by personal service upon its registered agent in the State of Georgia: The Prentice-Hall Corporation System, Inc., 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

6. Alternatively, TRANS UNION LLC may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and

19

the laws of Georgia as applicable.

7. TRANS UNION LLC regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

8. TRANS UNION LLC disburses such consumer reports to third parties of contract for monetary compensation.

9. Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") is a Georgia corporation authorized to do business throughout the country and in the State of Georgia. EQUIFAX is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

10. EQUIFAX may be served at 1550 Peachtree Street NE, Atlanta, Georgia 30309-2402.

11. Alternatively, EQUIFAX may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia as applicable.

12. EQUIFAX regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

13. EQUIFAX disburses such consumer reports to third parties of contract for

monetary compensation.

14. Defendant EXPERIAN ("EXPERIAN") is a Californian corporation authorized to do business throughout the country and in the State of Georgia. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

15. EXPERIAN may be served with process via its registered agent C T Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046-4805.

16. Alternatively, EXPERIAN may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia as applicable.

17. EXPERIAN regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

18. EXPERIAN disburses such consumer reports to third parties of contract for monetary compensation.

19. Defendant INNOVIS DATA SOLUTIONS, INC. ("INNOVIS") is an Ohio corporation authorized to do business throughout the country and in the State of Georgia. INNOVIS is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

19

20. INNOVIS may be served with process via its registered agent CORPORATION SERVICE COMPANY - 50 West Broad Street, Suite 1330, Columbus, OH 43215.

21. Alternatively, INNOVIS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia as applicable.

22. INNOVIS regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

23. INNOVIS disburses such consumer reports to third parties of contract for monetary compensation.

## FACTUAL ALLEGATIONS

24. The FCRA requires that credit reporting agencies such as TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS in preparing a credit report, must "follow reasonable procedures to assure maximum possible accuracy of the information" in the report. 15 U.S.C. § 1681e(b).

25. The FCRA requires that credit reporting agencies ("CRAs") conduct a

reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is accurate. CRAs must notify the source of the information of the dispute within five days. CRAs must provide the source with all relevant information received from the consumer. CRAs must review and consider all relevant information provided by the consumer in conducting the reinvestigation. CRAs must delete or modify information that is found to be inaccurate or incomplete, or that cannot be verified. CRAs must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report. CRAs must send a consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised because of the reinvestigation. 15 U.S.C. § 1681i(a).

26. The policies and procedures of TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS do not ensure compliance with 15 U.S.C. § 1681i(a) of the FCRA.

27. The sale of consumers' most private and sensitive personal and financial information is a multi-billion-dollar industry for the CRAs.

28. As specified below, since at least October of 2018, TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS have repeatedly prepared

19

and issued credit reports on Plaintiff that include inaccurate information.

29. About this time, plaintiff became aware that TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS placed inaccurate information on her credit report about a missed payment on a Military Star credit card.

30. The missed payment information was inaccurately reported by TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS.

31. Plaintiff contacted defendants about the inaccurate credit reporting.

32. Following Plaintiff's dispute, the defendants failed to remove the inaccurate account information.

33. Plaintiff disputed again with defendants to dispute these accounts.

34. Plaintiff disputed via the Consumer Financial Protection Bureau, as well.

35. Following Plaintiff's disputes, TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS again failed to remove the inaccurate account information.

36. Following Plaintiff's dispute, the defendants again failed to remove the inaccurate accounts.

37. After advising defendants that her information was inaccurate, rather than

fixing it, TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS continued selling inaccurate negative information about Plaintiff to various creditors. This information TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS sold to creditors, placed Plaintiff in a negative light and falsely portrayed her as being less credit worthy than she actually was.

38. Plaintiff disputed this same error multiple times within 2 years of the filing of this suit.

39. More specifically, in or around February 2020, Plaintiff disputed the Military Star late payment history with TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS.

40. Upon information and belief, TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS notified Military Star of the dispute.

41. TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS failed to conduct an investigation into the matter by reviewing the documents provided.

42. TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS refused to remove the error.

43. In or around May 2020, Plaintiff disputed the Military Star late payment history with TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS.

44. Upon information and belief, TRANS UNION, EQUIFAX, EXPERIAN,

19

and INNOVIS notified Military Star of the dispute.

45. TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS failed to conduct an investigation into the matter by reviewing the documents provided.

46. TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS refused to remove the error.

47. In or around June 2020, Plaintiff disputed the Military Star late payment history with TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS.

48. Upon information and belief, TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS notified Military Star of the dispute.

49. TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS failed to conduct an investigation into the matter by reviewing the documents provided.

50. TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS refused to remove the error.

51. Between 2018 and 2020, Plaintiff tried to obtain loans, but the rates were too high or she was denied because of the erroneous negative payment history from Military Star.

52. Plaintiff has refrained from applying for credit because of the high rates that will be offered.

53. Plaintiff is delayed and chilled in her ability to obtain credit to obtain an

19

auto loan and other opportunities that she would have otherwise qualified for.

54. Plaintiff suffers from stress and anxiety from dealing with the consequences of the credit reporting.

55. TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS forced and are forcing the Plaintiff to spend significant amounts of personal time trying to correct the inaccurate information reported by defendants and deal with the consequences of defendants' inaccurate reporting.

## **FIRST CLAIM FOR RELIEF**

(against EQUIFAX, TRANS UNION, EXPERIAN, and INNOVIS)

(Negligent Noncompliance with FCRA)

56. Plaintiffs reallege and incorporate paragraphs 1 through 42.

57. TRANS UNION, EQUIFAX, EXPERIAN, and INNOVIS negligently failed to comply with the requirements of the FCRA, including but not limited to, 15 U.S.C. §1681b, e and i.

58. Because of defendants' failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer, actual damages,

including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

59. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

(against EQUIFAX, TRANS UNION, EXPERIAN, and INNOVIS)

(Willful Noncompliance with FCRA)

60. Plaintiff realleges and incorporates paragraphs 1 through 42.

61. Defendants willfully failed to comply with the requirements of the FCRA, including but not limited to, 15 U.S.C. §1681b, e and i.

62. Because of defendants' failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.

63. Plaintiff also seeks punitive damages in an amount to be determined by the

jury.

64. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## JURY TRIAL DEMAND

65. Plaintiff demands a jury trial on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

**On the First Claim for Relief:**

1. Actual damages to be determined by the jury; and
2. Attorney fees.

**On the Second Claim for Relief:**

1. Actual damages to be determined by the jury;
2. Punitive damages to be determined by the jury; and
3. Attorney fees.

DATED this 15th day of October 2020.

Respectfully submitted,

**JOSEPH P. MCCLELLAND, LLC**

By: /s/*Joseph P. McClelland*
Joseph P. McClelland, Esq.
Georgia Bar No.: 483407
545 N. McDonough Street, Suite 210
Decatur, Georgia 30030
Telephone:  (770) 775-0938
Facsimile: (770) 775-0938
joseph@jacksonlaws.com

**Attorney for Plaintiff**